Norman MAPES, Plaintiff–Appellant,

v.

Jameson BISHOP; Patrick Wenneman;
Ken Stelly; City of Baton Rouge,
Defendants–Appellees.

Norman Mapes, Plaintiff–Appellant,

v.

Bobby Simpson; Patrick Englade;
Chris Cranford; Mike Ponder; Carl
Jackson; Deidre Robert; Vicky Jones;
City of Baton Rouge, Defendants–Ap-
pellees.

No. 06–30559
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 15, 2007.

Norman Mapes, Praireville, LA, pro se.

Suite D, Baton Rouge, LA, Mary E.
Roper, James Leslie Hilburn, Parish At-
torney's Office For East Baton Rouge Par-
ish, Baton Rouge, LA, for Defendants–
Appellees.

Before KING, HIGGINBOTHAM, and
GARZA, Circuit Judges.

PER CURIAM: *

Norman Mapes appeals the dismissal of
two consolidated civil rights actions
brought under 42 U.S.C. § 1983 in which
he alleged that police officers, the police
chief, the City of Baton Rouge (City), and
employees of the parish attorney's and
prosecuting attorney's offices violated his
constitutional rights by falsely arresting
him and maliciously prosecuting him on a
charge of soliciting a prostitute.

In No. 3:03–CV–67, the district court
concluded that Mapes's false-arrest claim
against the City and police-officer defen-
dants Jameson Bishop, Patrick Wenne-
man, and Ken Stelly was barred by the
applicable one-year Louisiana statute of

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

limitation for personal injury actions. The district court reasoned that the statute of limitation had begun to run when Mapes was arrested on April 13, 2001, and as a result, had expired before Mapes filed his complaint on January 27, 2003.

Mapes's sole argument on appeal is that the district court erred in dismissing the false-arrest claim against these defendants as barred by limitations on the ground that his claim did not accrue until the prosecution terminated in his favor on January 25, 2002. We review de novo a district court's conclusion that a claim is time-barred. *Price v. City of San Antonio, Tex.*, 431 F.3d 890, 892 (5th Cir.2005).

A false-arrest claim under § 1983 does not accrue until a criminal prosecution that stems from such arrest terminates in the plaintiff's favor. *See Price*, 431 F.3d at 894; *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Because Mapes filed his § 1983 complaint exactly one year after his false-arrest claim accrued, we vacate and remand for further proceedings as to this claim.[1]

Mapes briefs no argument with respect to the claims that were dismissed in No. 3:04–CV–443. He also fails to brief any claim in No. 3:03–CV–67 other than his false-arrest claim. Although pro se briefs are afforded liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), even pro se litigants must brief arguments in order to preserve them. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir.1993); FED. R.APP. P. 28(a)(9). Accordingly, Mapes's remaining claims are effectively abandoned. *Yohey*, 985 F.2d at 224–25.

VACATED AND REMANDED AS TO FALSE–ARREST CLAIM IN NO. 3:03–CV–67; AFFIRMED AS TO ALL OTHER CLAIMS.

---

1. Because January 25 and 26, 2003, were a Saturday and Sunday, Mapes had until Monday, January 27, 2003 to file his claim. *See* FED.R.CIV.P. 6(a).